United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA RAQUEL AYALA-DE MELARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00197 |
| | § | |
| GEORGE BUTCH HEAD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Maria Raquel Ayala-De Melara was alleged to have been in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Coastal Bend Detention Center in Robstown, Texas, at the time of filing this habeas petition challenging her continued detention under 28 U.S.C. § 2241. (D.E. 1).

Pending is Respondents' Motion to Dismiss, filed on September 14, 2026, requesting this case be dismissed as moot because Petitioner was granted pre-conclusion voluntary departure on August 19, 2026 and departed the United States on August 27, 2026. (D.E. 23 and D.E. 23-2). Further, as Petitioner is no longer at the Coastal Bend Detention Center, the Court no longer has a current mailing address for Petitioner. To date, Petitioner has failed to update her current mailing address and has not filed a response to the pending Motion to Dismiss. Therefore, Petitioner's failure to file a response is taken as a representation of no opposition to the pending Motion to Dismiss pursuant to the local rules.

The only relief sought in this matter was Petitioner's challenge to her continued detention. Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624

(1982). As Petitioner is no longer in custody, her grounds for relief in this action are moot, her petition no longer presents a live controversy and this Court lacks jurisdiction to consider her claim. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.") Accordingly, it is respectfully recommended that Respondents' Motion to Dismiss be **GRANTED** and this case be **DISMISSED as moot**. (D.E. 23).

The undersigned alternatively recommends that Petitioner's case be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) because Petitioner has failed to update the Court with her current mailing address. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on October 8, 2026.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).